IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY STROOPE, INDEPENDENT ADMINISTRATRIX OF THE ESTATE OF RICHARD DELLE<br><br>Plaintiff,<br><br>vs.<br><br>THE HOME DEPOT, U.S.A., INC.<br><br>Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Mary Stroope, Independent Administratrix of the Estate of Richard Delle ("Plaintiff") and files Plaintiff's Original Complaint, complaining of Defendant The Home Depot, U.S.A., Inc. ("Defendant"). Plaintiff would respectfully show as follows:

### I. PARTIES

1.1 Plaintiff Mary Stroope is a natural person who has been appointed Independent Administratrix of the Estate of Richard Delle, Plaintiff's brother. She is a citizen of the State of Texas.

1.2 Defendant The Home Depot, U.S.A., Inc. is a foreign, for-profit corporation and may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

### II. SUBJECT MATTER JURISDICTION

2.1 This Court has subject matter jurisdiction over this dispute because there is complete diversity of citizenship between Plaintiff and Defendant, and because the amount in controversy exceeds $75,000.

## III. VENUE

3.1  Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in this district and division.

## IV. FACTS

4.1  On April 11, 2018, Richard Delle, Deceased, was an invitee on the Defendant's premises, having entered The Home Depot, made a purchase and left The Home Depot to return to his vehicle.

4.2  On April 11, 2018, Richard Delle, Deceased, was assaulted in broad daylight by two individuals in the parking lot of The Home Depot, located at 6000 Skillman, Dallas, Dallas County, Texas 75231. In the assault, Richard Delle, Deceased, was severely beaten and ultimately died as a result of his injuries on June 9, 2018.

4.3  The Defendant owns and operates The Home Depot located at 6000 Skillman, Dallas, Texas, where this assault occurred.

4.4  On the date of the assault, Richard Delle, Deceased, was approached by Amber Marie Gray in The Home Depot parking lot. Ms. Gray was panhandling in the parking lot and was soliciting funds from Mr. Delle. During the course of Ms. Gray's panhandling, Mr. Delle refused to provide Ms. Gray with any funds resulting in Ms. Gray spitting into Mr. Delle's face.

4.5  As Mr. Delle and Ms. Gray confronted each other, Ms. Gray's companion and fellow panhandler, Latarus Kenshey Murphy, ran to the scene and began assaulting Mr. Delle, causing him serious injuries which ultimately resulted in his death.

4.6  The Home Depot in question is located in a high-crime area of the City of Dallas. In the period of three years within a one-mile radius of The Home Depot, there were 546 violent crimes reported or one each 2.2 days. There were also 3100 property crimes or one each 9.3 hours.

4.7     The Defendant was aware, or should have been aware, of the nature and extent of criminal activity within a one-mile radius of its store.

4.8     It is believed the panhandlers, Gray and Murphy, had been in The Home Depot parking lot panhandling for several hours prior to the assault upon Mr. Delle.

4.9     It is believed the parking lot of The Home Depot in question is a place where panhandling frequently occurs.

4.10    It is also believed the Defendant had done nothing to discourage criminal conduct or panhandling as it had no policies and procedures prohibiting panhandling in the parking lot and it took no steps to employ either in-house or contractual security in its parking lot during business hours.

## V. CAUSE OF ACTION: PREMISES LIABILITY FOR INADEQUATE SECURITY

5.1     The Defendant owed a duty to Richard Delle, Deceased, to use ordinary care to protect him from being assaulted. It had reason to know of an unreasonable and foreseeable risk of harm to Richard Delle, Deceased, by virtue of The Home Depot's location in a high-crime area of Dallas and The Home Depot's experience on the day in question and on prior days with panhandlers utilizing its parking lot to solicit funds from its customers.

5.2     The Defendant was aware, or should have been aware, of violent crimes which occurred within a one-mile radius of its property within a three-year period prior to Mr. Delle's assault. In this regard, prior to the assault upon Richard Delle, Deceased, the Defendant had done virtually nothing to determine the nature and extent of criminal activity within a one-mile radius of its store or to determine whether or not such criminal activity warranted additional security measures to protect its customers.

5.3     The duty and burden upon the Defendant to protect its customers from panhandling

and violent criminal activity is and was a reasonable duty. By providing reasonable and adequate security in its parking lot, the Defendant could have easily prevented the assault upon Richard Delle, Deceased, and could have prevented his death.

5.4 In short, the Defendant failed to exercise ordinary care to protect its customers, including Richard Delle, Deceased, from the known dangers of criminal activity about which its employees and representatives should have been well aware.

5.5 This failure on the part of the Defendant was a proximate cause of the injuries to and death of Richard Delle, Deceased.

## VI. GROSS NEGLIGENCE

6.1 The conduct of the Defendant was grossly negligent in that it involved an extreme degree of risk and harm considering the probability and magnitude of potential harm to others, and the Defendant had actual or subjective awareness of the risk. Nevertheless, it proceeded with conscious indifference to the rights, safety or welfare of others.

## VII. DAMAGES

7.1 Plaintiff, as Independent Administratrix of Richard Delle, Deceased, brings this cause of action for survival damages pursuant to Tex. Civ. Prac. & Rem. Code, § 71.021.

7.2 In this regard, the Estate of Richard Delle, Deceased, is entitled to receive damages for conscious pain and emotional pain, torment and suffering experienced by Richard Delle, Deceased, before his death as a result of the occurrence in question, reasonable expense of necessary medical and hospital care received by Richard Delle, Deceased, for treatment of injuries sustained by him as a result of the occurrence in question, and a reasonable amount of expenses for the funeral and burial or Richard Delle, Deceased, suitable for his station in life.

## VIII. PUNITIVE DAMAGES

8.1   As a result of its gross negligence, Defendant should be assessed exemplary/punitive damages as a penalty or punishment for its conduct.

## IX. REQUEST FOR JURY TRIAL

9.1   Plaintiff incorporates all previous paragraphs as if set forth at length.

9.2   Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a jury for all issues in this matter.

## X. PRAYER

10.1   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Defendant be cited to appear and answer and upon final hearing of this cause, Plaintiff have judgment against the Defendant for damages described for costs of suit, interest from the date of the incident and for such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Alfred W. Ellis
Alfred W. Ellis
State Bar No. 06560000
*Of Counsel*
SOMMERMAN, MCCAFFITY, QUESADA,
& GEISLER L.L.P.
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461
(214) 720-0720 (Telephone)
(214) 720-0184 (Facsimile)
Al@textrial.com

ATTORNEYS FOR PLAINTIFF